UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS SELDON, | ) | Case No.: 1:04CV1866 |
| | ) | |
| Petitioner, | ) | Judge Ann Aldrich |
| | ) | |
| v. | ) | Magistrate Judge David Perelman |
| | ) | |
| CHRISTINE MONEY, | ) | |
| | ) | |
| Respondent. | ) | <u>MEMORANDUM AND ORDER</u> |

On May 5, 2005 Magistrate Judge David S. Perelman issued a report recommending the denial of Seldon's habeas corpus petition. Absent evidence to the contrary, the court presumes that Seldon received the R&R shortly after it was issued. "The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *Hagner v. United States*, 285 U.S. 427, 430 (1932) (citation omitted) (cited in *Crace v. Kentland-Elkhorn Coal Corp.*, 109 F.3d 1163, 1166 (6th Cir. 1997) (relying on sender's computer data showing that it sent item)

Giving Seldon the benefit of the doubt, the court assumes *arguendo* that the vagaries of the prison mail system prevented him from receiving the R&R until Saturday, May 14, nine days after it was issued. *See United States v. Rodriguez-Aguirre*, 30 Fed. Appx. 803, 805, 2002 WL 182117, at *2 (10th Cir. Feb. 6, 2002) ("The Supreme Court has recognized that the prison mail system presents delays beyond a prisoner's control....") (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988))

After receiving the report, Seldon had ten days to file an objection, not counting weekends and holidays. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a). Starting the ten day period on Monday, May 16, Seldon's last day to give prison authorities objections for filing was Friday, May 27. So far as the record reflects, he failed to file any objection or to seek an extension of time.

"The court need not conduct *de novo* review" if a party fails to file an objection or files merely "general and conclusory objections that do not direct the court to a specific error" in the R&R. *Tyler v. Beinor*, 81 Fed. Appx. 445, 446, 2003 WL 22794897, at *4 (4th Cir. Nov. 20, 2003) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) and Fed. R. Civ. P. 72(b)). *Cf. Zheng v. DOJ*, 2004 WL 817052 (E.D. Pa. Apr. 14, 2004) (granting unopposed habeas corpus petition)

Accordingly, the magistrate judge's well reasoned Report and Recommendation is adopted, and Seldon's petition for a writ of habeas corpus is denied for the reasons stated therein.

Seldon's motion for leave to proceed *in forma pauperis* [doc. no. 3] is denied as moot.

This case is terminated.

This order is final but not appealable. *See Williams v. City of Southfield*, 99 Fed. Appx. 44, 45, 2004 WL 950058, at *1 (6th Cir. Apr. 28, 2004) (when a party fails to file a timely and specific objection to a magistrate judge's report, and there are no extraordinary circumstances to justify waiving the objection requirement, he waives the right to appeal the order adopting the report).

IT IS SO ORDERED.

                                             s/Ann Aldrich
                                             ANN ALDRICH
                                             UNITED STATES DISTRICT JUDGE

Dated:           June 8, 2005